UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23557-ALTMAN
MAGISTRATE JUDGE REID

FRANK E, POLO, F.P., and H.P.,

    Plaintiffs,

v.

ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA, SCOTT MARCUS
BERNSTEIN, MARCIA DEL REY, and
ROBERT S. SINGER

    Defendants.
_____/

### REPORT OF MAGISTRATE JUDGE REID

This matter is before the Court pursuant to Plaintiff[1] Frank E. Polo's Amended Verified Petition for *ex parte* Application for Temporary Restraining Order [ECF No. 11] and Motion for Leave to Proceed *in forma pauperis*. [ECF No. 5]. For the reasons set forth below, this Court recommends that Plaintiff's Amended Verified Petition for *ex parte* Application for Temporary Restraining Order and Preliminary Injunction [ECF No. 11] be **DISMISSED** and Plaintiff's Motion to proceed *in forma pauperis* be **DENIED**.

### I.  Background

Plaintiff filed an Amended Verified Petition for *ex parte* Application for Temporary Restraining Order, (the "Application"), pursuant to 42 U.S.C. § 1983. [ECF No. 11]. Along with the Application, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. [ECF No. 5].

---

[1] While Mr. Polo lists his minor children as Plaintiffs in this action, the application does not specify how his children's constitutional rights were violated. The Application details only Mr. Polo's alleged injuries.

1

Plaintiff names as defendants the Eleventh Judicial Circuit Court of Florida, Eleventh Judicial Circuit Court Judges Scott Bernstein and Marcia Del Rey, and Eleventh Judicial Circuit Court General Magistrate Judge Robert S. Singer. Mr. Polo's claims arise from a pending state court paternity lawsuit. *See In re Merlin Hernandez*, Case No. 2012-017787 FC 04 (28) (Fla. Miami-Dade Ct.). Plaintiff appears to allege that Judges Bernstein, Del Rey, and Singer, violated his right to access the court under the First Amendment to the United States Constitution and Article I of the Florida Constitution. He further alleges that Judges Bernstein and Del Rey violated his right to due process under the Fourteenth Amendment to the United States Constitution and Article I of the Florida Constitution and his rights to free speech and association under the First Amendment to the United States Constitution. Finally, he alleges the Eleventh Judicial Circuit was grossly negligent in its training and supervision of the three judges, which was the proximate cause of his injuries.

The specific claims are as follows:

(1) Judge Bernstein violated his right to access the court without due process when he entered an order categorizing Plaintiff as a vexatious litigant and forbidding him from filing any "further pleadings motions, or letters to the court…without having the same reviewed by a member of the Florida Bar" (the "First Order");

(2) Judge Bernstein violated his right to access the court without due process when he entered a second order forbidding him from filing "anything further in the court file" and from contacting the court's judicial assistant via telephone or text messages, and mandating that all Plaintiff's communication with the court be through counsel (the "Second Order");

(3) Judge Bernstein deprived him of his property interest without due process when, after recusing himself in Plaintiff's state court case, Judge Bernstein wrote a letter to the Dean of St.

Thomas University School of Law attaching the Order ("Order of Recusal") Judge Bernstein had written in the case;

(4) Judge Del Rey violated his right to access the court when she granted Plaintiff's first attorney's motion to withdraw, despite her enforcement of the First and Second Orders;

(5) Judge Del Rey violated Plaintiff's right to access the court when she granted Plaintiff's second attorney's motion to withdraw, despite her enforcement of the First and Second Orders;

(6) Judges Bernstein and Del Rey violated his right to free speech and association by engaging in retaliatory conduct including requiring Plaintiff to attend a deposition, trying to hold Plaintiff in contempt for filing a motion, and colluding with St. Thomas University School of Law to have Plaintiff expelled because he is a member of the Republican party;

(7) Judge Singer violated his right to access the court when he dismissed Plaintiff's Petition for Modification of Child Support; and

(8) the Eleventh Judicial Circuit Court of Florida was "grossly negligent" in its training and supervision of Judges Bernstein, Del Rey, and Singer, which was the proximate cause of his injuries.

As a remedy, he seeks declaratory relief, requesting that this Court declare the acts of defendants unconstitutional. He also seeks an unspecified amount in monetary damages. Lastly, he requests that the Court (1) enjoin the defendants from "directly or indirectly proceeding or conspiring to proceed in any form or manner to violate the Plaintiffs' constitutional right to access the court;" and (2) "stay any proceeding currently pending in the ELEVEN [sic] JUDICIAL CIRCUIT COURT OF FLORIDA, in the family case with Case No. 2012-017787-FC-04.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 1915, a district court may dismiss a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6)." *Wells v. Miller*, No. 15-CV-80412, 2015 WL 12953101, at *1 (S.D. Fla. Apr. 8, 2015), report and recommendation adopted, No. 15-80412-CIV, 2015 WL 12953098 (S.D. Fla. June 8, 2015) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)).

"In the context of a Section 1983 civil rights action, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law." *Id*. (citing 42 U.S.C. § 1983). A plaintiff must also "establish proof of an affirmative causal connection between a defendant acting under color of state law and the constitutional deprivation alleged." *Id*. (citing *Troupe v. Sarasota County*, 419 F.3d 1160, 1165 (11th Cir. 2005)).

"[T]he four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted [] are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "Controlling precedent is clear

that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Id*.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff." *Lee v. Eleventh Jud. Cir. Ct.*, No. 16-24154-CIV, 2016 WL 10647014, at *2 (S.D. Fla. Dec. 22, 2016), report and recommendation adopted sub nom. *Lee v. Eleventh Jud. Cir. of Fla.*, No. 16-24154-CIV, 2016 WL 10644778 (S.D. Fla. Dec. 27, 2016), aff'd, 699 F. App'x 897 (11th Cir. 2017).

### III.  Discussion

#### A. Claims I, II, IV, V and VII

Plaintiff seeks an unspecified amount in monetary damages, injunctive, and declaratory relief for claims I, II, IV, V, and VII. Plaintiff appears to ask this Court to enjoin the state court proceedings and/or the orders issued by the state court judges, and to declare the proceedings and/or orders unconstitutional.

Plaintiff is not entitled to monetary damages for these claims. Judges have absolute judicial immunity for their judicial acts in civil actions for damages. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978). A judge will not be deprived of that immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. Plaintiff alleges in a conclusory fashion that Judges Del Rey and Bernstein

lacked jurisdiction to take the actions alleged. *See* [ECF No. 11 at ¶¶ 8, 74]. Even construing Plaintiff's complaint liberally, it is not clear how the state court judges lacked jurisdiction in the state court proceedings. Thus, Plaintiff's claims for damages under these counts fail.

Further, Plaintiff is not entitled to injunctive relief for these claims. In suits brought pursuant to 42 U.S.C. § 1983, judicial immunity also extends to injunctive relief. *See* 42 U.S.C. § 1983 ("…except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable."). As Plaintiff has alleged neither that the judges violated a declaratory decree nor that declaratory relief was unavailable to him, his claims for injunctive relief under these counts also fail. Additionally, even if the judges were not immune, as will be further explained, Plaintiff cannot demonstrate a likelihood of success on the merits.

While judicial immunity does not, however, extend to declaratory relief, *Wells*, 2015 WL 12953101, at *2, Plaintiff has not shown entitlement to this remedy. "To obtain declaratory relief, a plaintiff must establish: (1) that there was a violation; (2) that there is a serious risk of continuing irreparable injury if the relief is not granted; and (3) the absence of an adequate remedy at law." *Id*. Assuming without finding that Plaintiff has established the first two prongs, Plaintiff has failed to satisfy the third. He has an adequate remedy at law: the right to appeal Judge Bernstein, Judge Del Rey, and Judge Singer's Orders to the state appellate courts and thereafter to the Supreme Court of the United States. While Plaintiff claims that he "does not trust the State Judicial system to file a notice of appeal without being found in Criminal contempt or entrapped," his fear alone does not support a finding that he does not have an adequate remedy at law through the state appellate process. As Plaintiff does not allege any other facts that would support a finding of a lack of an adequate remedy at law, he is not entitled to declaratory relief for claims I, II, IV, V, and VII.

1. <u>*Younger* Abstention Applies</u>

At any rate, even if Plaintiff could show that he is entitled to declaratory relief, this Court should abstain from granting relief pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). The principles in *Younger* "have been extended to prohibit federal courts from enjoining state court civil proceedings where important state interests are involved." *Id*. The principles of *Younger* have also been extended to claims for declaratory relief where the request would effectively enjoin the state court proceeding. *Samuels v. Mackell*, 401 U.S. 66, 73 (1971); *Old Republic Union Ins. Co.*, 124 F.3d at 1261; *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015). When deciding whether to abstain under *Younger*, a district court must consider (1) whether the state court proceedings are ongoing (2) whether the state court proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Old Republic Union Ins. Co.*, 124 F.3d at 1261 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (emphasis added).

All three factors of the *Younger* abstention test weigh in favor of abstention. First, Plaintiff's state court case is ongoing. Second, Plaintiff's state court action implicates important state interests. Determining whether the actions taken by the judges were proper implicates the state's interest in the functioning of its judicial system. Indeed, "[p]roceedings necessary…***for the functioning of the state judicial system*** [] evidence the state's substantial interest in the litigation." *Middlesex Cty. Ethics Comm.*, 457 U.S. at 432; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987). The second factor, therefore, weighs in favor of abstention. Third, and as previously

stated, there is an adequate opportunity for Plaintiff to raise these constitutional challenges in the state court proceedings. Plaintiff does not allege, and we should not assume, that Florida state procedures will not afford him an opportunity to raise his constitutional claims. *See Pennzoil*, 481 U.S. 15 ("Accordingly, when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). The third factor weighs in favor of abstention.

### B. Claim III

In claim III, Mr. Polo alleges that a letter Judge Bernstein sent to the Dean of St. Thomas University School of Law ("St. Thomas") caused him to be expelled. It is not clear from the Application what relief Plaintiff is seeking for this claim.

According to Plaintiff, the letter to the Dean of St. Thomas "contained false allegations and manipulated facts." [ECF No. 11, at 27]. The letter, attached to Plaintiff's initial Application [ECF No. 1, Ex. 2, at 5], from Judge Bernstein to the Dean simply states that the judge felt "compelled to bring to [the Dean's] attention a matter concerning Mr. Frank Polo, a student at your school," and refers to the fact that Plaintiff is a litigant in the court. The judge enclosed with the letter a copy of the Order of Recusal in Plaintiff's state court case. In the Order of Recusal, granting Plaintiff's request that Judge Bernstein recuse himself from Plaintiff's lawsuit, Judge Bernstein (1) rejected Plaintiff's allegations that Judge Bernstein had *ex parte* communications with opposing counsel; (2) stated that Plaintiff's allegations of *ex parte* communication were made in bad faith; (3) called Plaintiff's behavior throughout the state court case "bizarre"; (4) noted that Plaintiff had filed an "enormous number of confusing, repetitious motions in the docket" and had "abused the court system by filing repetitive, frivolous motions [that] interfered with the

functioning of [Judge Bernstein's] office"; and (5) stated that Plaintiff had misrepresented to Judge Bernstein that he was a member of the Florida Bar. [*Id.*].

According to Plaintiff, after St. Thomas received the letter, the school commenced an Honor Council proceeding against him, and he was expelled. Plaintiff claims that the Honor Council proceedings were violative of due process and that, but for Judge Bernstein's letter, he would not have been expelled.

1. *Plaintiff has Failed to Show Causation*

Title 42 U.S.C. § 1983 only applies to individuals acting under color of law and the law is unclear regarding whether Judge Bernstein was acting under color of law when he sent the letter. Plaintiff does note that the letter was sent on court letterhead and that Judge Bernstein signed the letter referencing his title as a state court judge. This Court need not address whether the judge was acting under color of law, however, because Plaintiff has not plausibly alleged that Judge Bernstein caused his claimed injuries. Specifically, Plaintiff has failed to establish that Judge Bernstein was the legal cause of his expulsion.

"The requisite 'causal relation' for a § 1983 claim 'does not exist when the continuum between Defendant's action and the ultimate harm is occupied by the conduct of deliberative and autonomous decision-makers.'" *Carruth v. Bentley*, 942 F.3d 1047, 1056 (11th Cir. 2019) (quoting *Dixon v. Burke County*, 303 F.3d 1271, 1275 (11th Cir. 2002)). Under *Carruth* and *Dixon*, if there were any "'intervening free, independent, and volitional acts'" between any alleged improper acts by Judge Bernstein and the decision made by St. Thomas, the causal connection is broken. *Id*. at 1057.

First, it is important to note that Judge Bernstein's letter did not call for Plaintiff's expulsion or request that St. Thomas take any disciplinary action against Plaintiff. Second, even

assuming Judge Bernstein's letter caused St. Thomas to initiate the Honor Council proceeding against Plaintiff, the proceeding and the appeals process that St. Thomas held constitute intervening steps that vitiate the chain of causation between Judge Bernstein's letter and Plaintiff's expulsion. This conclusion makes sense when closely examining the Application.

Plaintiff's alleged injury is that he was deprived of his property interest in his education without due process of law when *St. Thomas* expelled him after holding an Honor Council proceeding that was violative of due process. Clearly, Judge Bernstein was not responsible for administering or regulating disciplinary action or proceedings at St. Thomas. Plaintiff states only that "but for" Judge Bernstein sending the letter, he would not have been subjected to the "unconstitutional" Honor Council proceeding and expulsion. *See* [ECF No. 11 at ¶ 160]. That is simply not enough to show an affirmative causal connection between Judge Bernstein's letter and Plaintiff's expulsion.

To the extent that Plaintiff seeks to challenge the law school's Honor Council proceedings[2] and their decision to expel him, a § 1983 claim would not be the proper vehicle, as St. Thomas is a private entity, not a state actor.[3]

---

[2] It is important to note that, as a private university, St. Thomas has broad discretion when determining disciplinary proceedings, and does not necessarily have to adhere to the due process clause when administering disciplinary actions. *See Jarzy nka v. St. Thomas Univ. Sch. of L.*, No. 03-20652-CIV, 2005 WL 8154066, at *7, n. 10 (S.D. Fla. Aug. 24, 2005), aff'd sub nom. *Jarzynka v. St. Thomas Univ. Sch. of L.*, 210 F. App'x 895 (11th Cir. 2006); *see also John B. Stetson Univ. v. Hunt*, 88 Fla. 510, 517, 102 So. 637, 640 (1924) ("The relation between a student and an institution of learning privately conducted, and which receives no aid from the public treasury, is solely contractual in character, and there is an implied condition that the student knows and will conform to the rules and regulations of the institution, and for breach of which he may be suspended or expelled").

[3] Perhaps tellingly, St. Thomas University School of Law is not listed as a defendant in this case.

2. *<u>Plaintiff has not Pleaded Facts Sufficient to Show a Conspiracy between Judge Bernstein and the Law School</u>*

In claim III, Plaintiff also appears to allege that St. Thomas conspired with Judge Bernstein to deprive him of his property interest in his education without due process. Specifically, Plaintiff claims that St. Thomas was "acting as [an] agent" of Judge Bernstein when the school held the Honor Council proceeding and then expelled him. *See* [ECF No. 11 at ¶ 154].

"The 'color of state law' component of § 1983 may be satisfied by showing that an official act of a defendant judge was the product of a corrupt conspiracy involving the judge and other private parties." *Dykes v. Hosemann*, 743 F.2d 1488, 1494 (11th Cir. 1984), on reh'g, 776 F.2d 942 (11th Cir. 1985) (citing *Dennis v. Sparks*, 101 S.Ct. 183, 186 (1980)). When that occurs, "[e]ven if the judge himself is held to be absolutely immune from suit the private parties who conspire with the judge act under color of state law for § 1983 purposes." *Id*.

Plaintiff's complaint, however, makes no particularized showing that a conspiracy existed between Judge Bernstein and St. Thomas.

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. *See, e.g., Burnett v. Short*, 441 F.2d 405 (5th Cir.1971); *Guedry v. Ford*, 431 F.2d 660 (5th Cir.1970); *Granville v. Hunt*, 411 F.2d 9 (5th Cir.1969). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed.

*Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

Plaintiff makes only conclusory allegations of conspiracy by stating that Judge Bernstein "carefully prepar[ed] a motion of recusal" in order to "c[o]me after" Plaintiff, and that the Deans of St. Thomas colluded with Judge Bernstein to deprive him of his property interest. That alone is not enough. *See generally Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, if

11

Plaintiff intended to allege that St. Thomas was conspiring with Judge Bernstein to deprive him of his constitutional rights, this claim fails.

### C. Claim VI

Plaintiff next alleges that Judges Bernstein and Del Rey[4] deprived him of his First Amendment rights to free speech and association. Plaintiff claims that Judge Bernstein retaliated against him because he engaged in political speech that was "intended to directly rally public support for fighting judicial corruption in the Miami Dade Family Court System from the State Legislature level," and because of his political opinions. Specifically, Plaintiff states that Judge Bernstein (1) began to "harass" Plaintiff by sending a process server to serve him and setting a deposition for him to attend; (2) "intimidated [Plaintiff] to make him drop the case he had against other co-conspirators to silence [Plaintiff's] political speech and prevent [Plaintiff] from holding federal office in the near future"; (3) "tried to entrap [Plaintiff] to commit forgery by sending [the court reporter] to ask him to sign a court report as her"; and (4) "tried to put [Plaintiff] in jail for filing a motion to recuse."

Plaintiff has failed to state a claim for First Amendment retaliation. "To state a claim for First Amendment retaliation, a plaintiff must allege that he engaged in protected speech, that the official's conduct adversely affected the protected speech, and that a causal connection exists between the speech and the official's retaliatory conduct." *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir.), cert. denied, 139 S. Ct. 2678, 204 L. Ed. 2d 1070 (2019). "When reviewing an official's retaliatory conduct for adverse effect, we consider whether his alleged conduct 'would likely deter a person of ordinary firmness from the exercise of First Amendment rights.'" *Id*. "[T]o establish a causal connection, a plaintiff must show his protected conduct was a motivating factor behind the

---

[4] While Judge Del Rey is listed in this claim, Plaintiff does not specify any actions Judge Del Rey took to deprive him of his rights.

alleged retaliatory misconduct," and "must identify a sequence of events from which 'a retaliatory motive can be inferred,' notwithstanding other non-retaliatory motives the defendant may harbor." *Eisenberg v. City of Miami Beach*, 1 F.Supp.3d 1327, 1344 (S.D. Fla. 2014).

As Plaintiff has alleged that he was engaging in protected political speech, he has satisfied the first prong of the First Amendment retaliation test. The same cannot be said for the remaining two prongs, though. First, Plaintiff has not described any action taken by Judge Bernstein that would "likely deter a person of ordinary firmness from the exercise of First Amendment rights." What Plaintiff has alleged—that he was served, deposed, asked to sign documents, and warned of being held in contempt—are actions that commonly take place during the litigation process, and ones that typically do not deter persons of ordinary firmness from exercising their First Amendment rights. Second, Plaintiff has neither alleged facts sufficient to show that his political speech was the motivating factor behind Judge Bernstein's actions, nor identified a sequence of events from which a retaliatory motive based on Plaintiff's political speech can be inferred. This claim fails. Thus, no relief is warranted.

### D. Claim VIII

Finally, Plaintiff alleges that the Eleventh Judicial Circuit Court of Florida[5] was "grossly negligent" in its training and supervision of the judges and that the court's gross negligence was the proximate cause of his injuries. Plaintiff, however, has failed to state a claim upon which relief can be granted for two reasons. First, the Eleventh Judicial Circuit is not a "person" subject to liability under 42 U.S.C. § 1983. *Lee v. Eleventh Jud. Cir. of Fla.*, No. 16-24154-CIV, 2016 WL 10644778, at *1 (S.D. Fla. Dec. 27, 2016), aff'd, 699 F. App'x 897 (11th Cir. 2017); *Santillana v. Fla. State Ct. Sys., Eighteenth Jud. Cir., Seminole Cty. Cts.*, No. 6:09-CV-2095-ORL-19, 2010

---

[5] In Claim VIII, Plaintiff also appears to seek relief from Segarra & Associates, P.A. and St. Thomas University, Inc. Neither of these entities is listed as a defendant in this case.

WL 6774486, at *3 (M.D. Fla. June 4, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989); *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374 (11th Cir.2005)). Second, "'[a]bsent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court.'" *Santillana*, 2010 WL 6774486, at *3 (quoting *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir.1986)). As Congress has not abrogated Eleventh Amendment immunity and Florida has not waived its immunity, Plaintiff's claim against the Eleventh Judicial Circuit Court of Florida necessarily fails.

### IV.  Recommendation

For the reasons set forth above, this Court recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 5], be **DENIED** and Plaintiff's Amended Verified Petition for *ex parte* Application for Temporary Restraining Order [ECF No. 11] be **DISMISSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report.

**SIGNED** this 1st day of November, 2021.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Roy K. Altman**; and

**Frank E. Polo**
9411 Fontainebleau Blvd.
Apt. 212
Miami, FL 33172
PRO SE